Río *v.* Vázquez.

Appeal from the District Court of Aguadilla.

No. 677.—Decided May 26, 1911.

JURISDICTION—DISTRICT COURTS—AMOUNT IN LITIGATION.—A district court has jurisdiction to try an action to dissolve an attachment when it appears from the sworn statement of the plaintiff, not controverted by the defendant, that the property attached has a value greater than $500.

ID.—GROUND FOR DETERMINING JURISDICTION OF COURT—IMPROPRIETY OF ACTION.— If the action brought does not lie, the court is not for such reason deprived of jurisdiction to try the same if it appears that it has such jurisdiction by reason of the subject matter and of the person of the defendant.

CONTRADICTORY EVIDENCE—CONCLUSION OF TRIAL COURT—PREJUDICE, PASSION, OR PARTIALITY.—When the evidence is contradictory the estimation of the trial court with respect thereto will not be disturbed unless it is shown that said court was influenced by prejudice, passion, or partiality, or that a clear and manifest error has been committed.

STATEMENT OF THE CASE—OMISSION OF ELEMENTS OF PROOF.—If all the elements of proof which were presented at the trial or considered by the trial court

have not been included in the statement of the case, or do not appear separately therefrom, duly authenticated, this court will not disturb the estimation of the evidence made by said court.

CONTRACTS—PUBLIC DOCUMENTS—ESSENTIAL ELEMENTS OF CONTRACT.—When all the elements essential to the validity of a contract appear, to wit, the consent of the parties, the true object of the contract, and the cause of the obligation, it is unnecessary in order to make it valid that the agreement be made by means of a public document, inasmuch as contracts are binding whatever may be the form in which they may have been executed.

DEMURRER—FAILURE TO STATE CAUSE OF ACTION ALLEGED FOR FIRST TIME ON APPEAL.—In accordance with section 109 of the Code of Civil Procedure, a demurrer filed on the ground that the complaint does not state a cause of action may be alleged for the first time on appeal.

The facts are stated in the opinion.

Messrs. Fernando Vázquez and Francisco Socorro for appellant.

Mr. Juan B. Soto for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On February 23 of the year last past José León Río filed a complaint against Fernando Vázquez in the District Court for the Judicial District of Aguadilla, wherein he alleged as grounds for his action the following:

First. That in December of the year 1907 Fernando Vázquez filed a complaint against José León Río in the Municipal Court of San Sebastián to recover $391.66, and that by judgment of July 3 of the following year said Río was sentenced to pay the sum claimed and the costs.

Second. That in February, 1909, or thereabout, José León Río and Fernando Vázquez came to an agreement by virtue of which the former paid to the latter the aforesaid sum of $391.66 by giving him five cuerdas of land situated in barrio Piedras Blancas of the municipal jurisdiction of San Sebastián, the delivery of which was made to Sebastián Río, who was authorized by Vázquez to receive the same.

Third. That by virtue of the foregoing agreement Vázquez was bound to consider his action terminated, and that notwithstanding this he caused the sale at public auction of a parcel of land measuring 110.60 cuerdas and a dwelling

house, which land is situated in *barrio* Piedras Blancas of the municipal jurisdiction of San Sebastián, as stated in the complaint, as well as of another house and a wagon, this procedure giving rise to an interview between José León Río and Fernando Vázquez, in which the latter told the for-- mer that the 5 *cuerdas* of land which he had delivered to him were unsuitable, Río having consented to pay the debt which caused the transfer of the land provided that the same should be returned to him, it being understood that if this was not done the former transaction would remain in force, and that under these conditions the public auction which had been announced was suspended.

Fourth. That the plaintiff demanded from Sebastián Río the return of the land which he had received by Vázquez's authorization, to which Sebastián Río replied that he could not return the same inasmuch as Vázquez had sold it to him and he was already the owner thereof. Said answer having been communicated to Vázquez by the plaintiff, Vázquez made no reply thereto, and in view of this Río understood that the land not having been returned to him the first agreement remained in force.

Fifth. That notwithstanding the fact that the first agreement was in force, Vázquez violated the same for a second time, voluntarily and maliciously, and again obtained from the Municipal Court of San Sebastián the sale at public auction of the aforesaid property, which has a value greater than $500.

The complaint concludes with the prayer that the attachment levied upon the property of the plaintiff in the proceedings instituted by the defendant in the Municipal Court of San Sebastián, to recover the sum of $391.66, be dissolved, and also that in view of the payment made, as stated above, said property be adjudged free from all liability in so far as said claim is concerned, and that the costs be taxed against the defendant.

The defendant, Fernando Vázquez, admits in his answer

to the complaint that in a trial held in the Municipal Court
of San Sebastián José León Río was adjudged to pay the
former the sum of $391.66, but denies that he received in
payment of said sum, through Río or any other person, the
5 *cuerdas* of land mentioned in the complaint, or that an
agreement was made between the plaintiff and the defend-
ant as to this manner of making the payment, or that they
had made any subsequent agreement by virtue of which the
plaintiff should pay his credit to the defendant provided
the land was returned to him, the first agreement to remain
in force should this be otherwise. He is unaware of the fact
that Sebastián Río was required to return any land or that
he refused to deliver the same on the ground that he was
the owner thereof, and denies that he was informed of any
reply from Sebastián Río. As new matter of defense, he
alleges that about the middle of the year 1909 he took the
necessary steps to effect the sale at public auction of a rural
property belonging to the defendant so as to make effective
the judgment hereinbefore referred to, and José León Río
having gone to his office he granted him an extension of
time for the payment of the sum due and costs up to the
month of December of the aforesaid year; but inasmuch as
said extension expired and no payment was made, he prose-
cuted the proceedings for the execution of the judgment in
the Municipal Court of San Sebastián, but the same were
suspended by virtue of an injunction instituted by José León
Río in the District Court of Aguadilla.

After the complaint had been answered the defendant
filed a demurrer thereto on the ground that the District
Court of Aguadilla did not have jurisdiction to try the case
by reason of the amount, inasmuch as the question involved
was that of compliance with a contract the consideration
of which did not reach the sum of $500, and said court, by
order of May 19, 1910, dismissed said demurrer with costs
against the defendant.

After the trial of the case a judgment was rendered on October 28, 1910, in the following terms:

"The court having heard the complaint, the defendant's answer, the evidence taken during the trial, the oral argument made by counsel for the plaintiff, and having duly considered the brief filed by the defendant, declares in view of all of said circumstances that it has been established to the entire satisfaction of the court that the defendant, Fernando Vázquez, accepted and received from the debtor, José León Río, the defendant in this case, in payment of a credit amounting to $391.66, a parcel of land consisting of 5 *cuerdas,* situated in *barrio* Piedras Blancas in the municipal jurisdiction of San Sebastián, the delivery of said land having been made by the plaintiff to Sebastián Río, who received the same by order and authority of the defendant, Fernando Vázquez, who acknowledged payment of the aforesaid credit by reason of the delivery of the 5 *cuerdas* of land, of which he took possession through Sebastián Río, who still possesses them. Such being the case, it is clear that the law and the facts are in favor of the plaintiff, José León Río, and against the defendant, Fernando Vázquez. Wherefore it is ordered and decreed that the latter—that is, the defendant—leave at the free and unencumbered disposition of the plaintiff the following rural property which was the object of attachment:

"A parcel of land composed of high land, valley, and foothills, planted to coffee and pasture, with underbrush, containing a wooden dwelling house with a zinc roof, situated in *barrio* of Piedras Blancas of the municipal jurisdiction of San Sebastián, having an area of 110.60 *cuerdas,* which were segregated from a coffee plantation situated in *barrios* Piedras Blancas and Cidral, composed of valley land and foothills, upon which a dwelling house stands. Said 110.60 *cuerdas* are bounded on the north by lands of Rodrigo Font and Juan González; on the east by lands of the Succession of Pedro Velázquez and the road leading to Lares; on the south by lands of the Succession of Río, and on the west by the river Culebrinas; also a house known as Pedro Ramos', and a wagon.

"It is further ordered that the attachment levied on said property by the defendant in the Municipal Court of San Sebastián, to secure the payment of said credit of $391.66 which had been satisfied, is declared null and without any legal effect; and the preliminary injunction issued in this case with regard to the same property is made permanent and perpetual, and shall be included in this judgment in order that the same may become an integral part

thereof should the judgment appealed from be affirmed, and the costs of the suit are taxed against the defendant."

An appeal to this Supreme Court was taken from the foregoing judgment by Fernando Vázquez, who alleged the following as grounds for said appeal:

First. That the court erred in dismissing by its order of May 19, 1910, the demurrer as to lack of jurisdiction, which demurrer was proper not only by reason of the amount in litigation, which does not reach the sum of $500, but also because the Municipal Court of San Sebastián having been the court which issued the order of execution to secure the effectiveness of the judgment rendered against José León Río, if the same was complied with by the latter he should have resorted to the same municipal court to obtain a declaration to the effect that the judgment had been satisfied and the debtor freed from all liability.

Second. That the court erred in considering that the fact was established that Fernando Vázquez had accepted and received 5 *cuerdas* of land in *barrio* Piedras Blancas of the municipal jurisdiction of San Sebastián in payment of $391 and some cents, when the evidence did not show that in the contract invoked by José León Río all the essential elements required by section 1228 of the Civil Code appeared, or that said contract was made by means of a public document, as required by section 1247 of said code, which section, as well as the one previously cited, was violated by the District Court of Aguadilla when it acted with prejudice, passion, and abuse of discretion in weighing the evidence.

In a supplementary brief the appellant filed a demurrer in his defense to the effect that the facts stated in the complaint did not constitute a cause of action inasmuch as it is not stated therein that the contract referred to by José León Río, the amount of which exceeds the sum of $300, was made in writing, although the same is a private one, as required by section 1248 of the Civil Code, or that Río exe-

cuted the deed of transfer of ownership of said land in favor of Vázquez, or that the land belonged to Río or to any other person, and the same is not identified therein in the proper manner.

As to the first ground of the appeal, we are of the opinion that the District Court of Aguadilla had jurisdiction to try the case inasmuch as the object of the action is to dissolve the attachment levied on the property of the defendant, and to free the same from all liability in so far as the claim which gave rise to the attachment is concerned; said property, according to the sworn statement of the plaintiff, has a greater value than $500, and this statement has not been controverted upon answering the complaint nor attacked during the trial by means of contradictory evidence, and therefore it must serve as a basis upon which to decide the jurisdictional question proposed.

The jurisdiction of municipal judges, according to the law reorganizing the judiciary of Porto Rico, approved March 10, 1904, covers all civil matters in their districts to the amount of $500 including interest; and inasmuch as the amount involved in this suit, according to the prayer of the complaint, exceeds the sum of $500, the matter is extraneous to the jurisdiction of the Municipal Judge of San Sebastián and exclusive of the District Court of Aguadilla.

In order to define the jurisdictional question propounded, we must consider the action instituted only and prescind from any other relief which, to obtain the object of the complaint, the defendant may have sought. If the action instituted does not lie, the court does not for that reason lack jurisdiction provided that said court has the same by reason of the subject matter involved and of the person of the defendant, as happens in this case.

In considering the second ground of the appeal, we have examined the evidence introduced at the trial, from which it appears that the witnesses for the plaintiff, to wit, the plaintiff himself, José León Río, Sebastián Río, and Carlos

Franco Soto, substantially present the facts in the manner in which they are alleged in the complaint; while the witnesses for the defendant, to wit, Pablo Fancoud, Juan Bautista García, and the defendant himself, Fernando Vázquez, contradict said allegations in so far as the existence of the agreement made; and by virtue of which the plaintiff paid to the defendant his credit by delivering to him the 5 *cuerdas* of land, is maintained. The evidence being contradictory, it was incumbent upon the trial court to decide said conflict by determining the witnesses who should be believed, because said court was in a better position to do so than this appellate court; and upon deciding said conflict in favor of the plaintiff, we cannot but accept said conclusion inasmuch as it has not been shown to us that said court acted with prejudice, passion, or partiality, or that a manifest and evident error was committed.

The circumstance exists, moreover, that witness, Sebastián Río, in testifying stated that he had received some letters from Fernando Vázquez, which were presented in evidence, and inasmuch as these letters, which were before the trial court when it examined the facts, were not included in the statement of the case or submitted separately and have not been duly identified, we could never disturb the conclusion of said court for lack of all the elements of proof which were presented at the trial and considered by said court.

The consideration of the evidence made by the trial court having been accepted, section 1228 of the Civil Code could not have been violated by said judgment, since all the requisites essential to the validity thereof appeared in the agreement which was made between the plaintiff and the defendant in regard to the manner of satisfying the debt, to wit, the consent of the parties, the true object of the contract, and the cause of the obligation, it being unnecessary in order to make it valid that the same be stated in a public document, inasmuch as according to section 1245 contracts are binding whatever may be the form in which they may have

been executed, provided the essential conditions for their validity exist.

The demurrer alleging that the facts stated in the complaint did not constitute a cause of action, although not filed in the trial court, could have been alleged in this Supreme Court according to section 109 of the Code of Civil Procedure; and, considering the allegations made by the plaintiff, we are of the opinion that they show a cause of action, for if the defendant agreed with the plaintiff to receive from him the 5 *cuerdas* of land in payment of the debt which he was trying to collect through an attachment upon other property belonging to the plaintiff, it is evident that said attachment must be annulled, the property attached remaining free from all liability in so far as the debt which had already been paid is concerned and as prayed for in the complaint.

And in consequence of the judgment rendered, the preliminary injunction which was issued with respect to the property, the attachment on which is dissolved, shall become perpetual and final.

For the foregoing reasons the judgment rendered by the District Court of Aguadilla on October 28 of the year last past must be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.